

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

June 6, 1995

Mike Moses, Ph.D.
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Honorable John W. Segrest
Criminal District Attorney
McLennan County
209 North Sixth Street, Suite 200
Waco, Texas 76701

Opinion No. DM-350

Re: Whether purchases made by a local government through the state catalogue purchasing procedure established by article 601b, section 3.081, must be competitively bid (RQs-744, 754)

Dear Commissioner Moses and Mr. Segrest:

We have been asked whether purchases made by local governments through the state catalogue purchasing procedure established by article 601b, section 3.081, V.T.C.S., must be competitively bid. Section 3.081 establishes a state catalogue purchasing procedure whereby vendors wishing to sell or lease automated information systems to certain state agencies apply to the General Services Commission (the "commission"). A state agency may purchase or lease automated information systems directly from vendors who have been designated as qualified information systems vendors by the commission. Subsection (g) of section 3.081 provides as follows:

> The commission shall make the catalogue purchasing procedure enumerated in this section available to local governments that qualify for cooperative purchasing under Sections 271.082 and 271.083, Local Government Code. In this subsection, "local government" has the meaning assigned to it by Section 271.081, Local Government Code.[1]

V.T.C.S. art. 601b, § 3.081(g) (footnote added).

---

[1]*See* Local Gov't Code § 271.081 (defining "local government" to mean "a county, municipality, special district, school district, junior college district, or other legally constituted political subdivision of the state").

Subchapter D of chapter 271 of the Local Government Code provides for state cooperation in local government purchasing programs. Section 271.081 of the Local Government Code defines "local government" to mean "a county, municipality, special district, school district, junior college district, or other legally constituted political subdivision of the state." Section 271.082 requires the commission to "establish a program by which the commission performs purchasing services for local governments." The services must include the following:

> (1) the extension of state contract prices to participating local governments when the commission considers it feasible;

> (2) solicitation of bids on items desired by local governments if the solicitation is considered feasible by the commission and is desired by the local government;

> (3) provision of information and technical assistance to local governments about the purchasing program.

Local Gov't Code § 271.082(a)(1) - (3).

Section 271.083 provides that a local government may participate in this purchasing program by filing a resolution with the commission adopted by its governing body requesting that the local government be permitted to participate. *Id.* § 271.083(a)(1). The resolution must also state that the local government will designate a representative to act for the local government with respect to the program, will be responsible for submitting requisitions to the commission and for payment to the vendor, and will be responsible for the vendor's compliance with all conditions of delivery and quality. *Id.* § 271.083(a)(2), (3). Significantly, subsection (b) of section 271.083 provides as follows:

> A local government that purchases an item under a state contract satisfies any state law requiring the local government to seek competitive bids for the purchase of the item.

Mr. Segrest explains that McLennan County (the "county") is a member of the cooperative purchasing program established under sections 271.082 and 271.083 of the Local Government Code. The commission recently advised the county of the opportunity to purchase automated information systems through the state catalogue purchasing procedure. The commission's letter states in pertinent part:

> Article 601b, Section 3.081(g), V.T.C.S., *mandates that the General Services Commission* "make the Catalog Purchase Procedure . . . available to local governments that qualify for Cooperative Purchasing . . . ["]; however, this procedure may not satisfy

competitive bidding requirements that govern a local government. The rules for this procedure are enclosed and you should seek counsel from your legal staff as to whether you may use this procedure or not.

Mr. Segrest asks us to resolve the issue raised but not answered by the commission, that is, whether the county is exempted from otherwise applicable competitive bidding requirements when it makes a purchase through the state catalogue purchasing procedure. Commissioner Moses' predecessor in office asked essentially the same question:

> Does a purchase by a school district using the catalogue purchasing procedure established by the General Services Commission under Section 3.081 of the State Purchasing and General Services Act satisfy competitive bidding requirements in the same manner as a purchase by a school district under a state contract as provided by Section 271.083(b), Local Government Code?

Based upon our review of the applicable statutes,[2] we conclude that a local government satisfies otherwise applicable competitive bidding requirements when it makes a purchase through the state catalogue purchasing procedure. As noted above, section 3.081(g) of article 601b requires the commission to "make the catalogue purchasing procedure . . . available to local governments that qualify for cooperative purchasing" under sections 271.082 and 271.083 of the Local Government Code. Section 271.083 of the Local Government Code expressly provides that a local government that makes a purchase under a state contract through the cooperative purchasing program "satisfies any state law requiring the local government to seek competitive bids for the purchase of the item." Local Gov't Code § 271.083(b). We believe that the legislature, in requiring the commission to make the state catalogue purchasing procedure available to local governments that participate in cooperative purchasing, intended to incorporate the state catalogue purchasing procedure into that program. Thus, it follows that a local government purchase made through the state catalogue purchasing procedure "satisfies any state law requiring the local government to seek competitive bids for the purchase of the item" as provided by section 271.083(b) of the Local Government Code.

We also believe that subsection (g) of article 601b, section 3.081 requires local governments that use the state catalogue purchasing procedure to abide by the same requirements applicable to state agencies. The state catalogue purchasing procedure

---

[2]We have also reviewed the legislative history of the state catalogue purchasing procedure provisions. We found no evidence of legislative intent directly bearing on the question whether a local government is exempted from otherwise applicable competitive bidding requirements when it makes a purchase through the state catalogue purchasing procedure. *But see infra* note 5.

requires a state agency, and local governments by virtue of subsection (g), to determine that a purchase or lease is "based on the best value[3] available and is in the state's best interest.[4]" *See* V.T.C.S. art. 601b, § 3.081(d) (footnotes added). The requirement that state agencies obtain the "best value" demonstrates the state catalogue purchasing procedure is intended as an alternative to competitive bidding for purchases and leases of automated information systems at the state level. *See id.* § 3.081(f) ("Purchases of automated information systems shall be made through the catalogue procedure enumerated in this section unless the commission or state agency determines that the best

---

[3]Section 1.02(5) of article 601b defines the term "best value" to mean the

lowest overall cost of information systems based on the following factors, including, but not limited to:

(A) purchase price;

(B) compatibility to facilitate exchange of existing data;

(C) capacity for expansion and upgrading to more advanced levels of technology;

(D) quantitative reliability factors;

(E) the level of training required to bring end-users to a stated level of proficiency;

(F) the technical support requirements for maintenance of data across a network platform and management of the network's hardware and software; and

(G) compliance with applicable statewide standards adopted by the Department of Information Resources or a subsequent entity as validated by criteria established by the department or a subsequent entity in administrative rule.

[4]Subsection (d) of section 3.081 of article 601b requires a state agency to consider the following factors in determining which products or services are in the state's best interest:

(1) installation costs and hardware costs;

(2) the overall life cycle cost of the system or equipment;

(3) estimated cost of employee training and estimated increase in employee productivity;

(4) estimated software and maintenance costs; and

(5) compliance with applicable statewide standards adopted by the Department of Information Resources or a subsequent entity as validated by criteria established by the department or a subsequent entity in administrative rule.

value available accrues from an alternative purchase method authorized by this Act.").[5] We believe that the legislature intended the same result for purchases and leases of automated information systems at the local level.[6]

Finally, it has been suggested that subsection (g) merely requires the commission to make information, *i.e.*, vendor catalogues, available to local governments and that subsection (g) is not intended to make the catalogue purchasing procedure available to local governments as a mechanism to actually purchase products and services. We disagree. Subsection (g) provides that "the commission shall make the catalogue purchasing *procedure* enumerated in this section available to local governments." (Emphasis added.) Subsection (g) on its face requires that the catalogue purchasing procedure in its entirety, not just the information compiled in vendor catalogues about products and services, be made available to local governments.

---

[5]The bills proposing to amend article 601b, V.T.C.S., by adding section 3.081 and its accompanying definitions, section 1.02(4)-(6), were introduced in the Seventy-third Legislature largely in response to a report from the Texas Performance Review, *see* 2 Tex. Comptroller of Public Accounts, AGAINST THE GRAIN: HIGH-QUALITY LOW-COST GOVERNMENT FOR TEXAS (1993), in which the comptroller of public accounts proposed numerous cost-saving measures for state government. *See* House Research Organization, Bill Analysis, C.S.S.B. 381, 73d Leg. (1993). As introduced, the bills did not propose to establish the catalogue purchasing procedure now set forth in section 3.081; indeed, the comptroller had not suggested that such a procedure be implemented. The bills were amended to add the catalogue purchasing procedure when they were in committee. *See* Hearings on S.B. 381 Before the Senate Comm. on State Affairs, 73d Leg. (Mar. 3, 1993) (statement of Senator Haley, author) (tape available from Senate Staff Services); Hearings on H.B. 2626 Before the House Comm. on State Affairs, 73d Leg. (Apr. 5, 1993) (statement of Representative Eckels) (tape available from House Video/Audio Services Office). Senator Haley explained that the amendment would enable state agency personnel directly to purchase computer systems, software, and telecommunications hardware. Hearings on S.B. 381 Before the Senate Comm. on State Affairs, 73d Leg. (Mar. 3, 1993) (statement of Senator Haley, author) (tape available from House Video/Audio Services Office). He further explained that the proposed catalogue purchasing procedure would allow state agencies to avoid the competitive bidding process and instead find the best buys on automated information systems. *Id.*

[6]Subsection (f) of section 3.081 provides that "[p]urchases of automated information systems shall be made through the catalogue procedure enumerated in this section unless the commission or state agency determines that the best value available accrues from an alternative purchase method." On the basis that subsection (g) makes all provisions applicable to state agencies also applicable to local governments, we believe that a local government may use an alternative statutory purchasing method if determines that it is necessary to do so in order to obtain the best value available.

## S U M M A R Y

A local government that participates in the cooperative purchasing program established under sections 271.082 and 271.083 of the Local Government Code satisfies otherwise applicable competitive bidding requirements when it makes a purchase through the catalogue purchasing procedure established by article 601b, section 3.081, V.T.C.S.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General